# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| VERNON EDWARD HOPKINS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV416-133 |
| UNITED STATES OF AMERICA, | ) ) | CR400-128 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

In *Hopkins v. United States*, CV416-024, Vernon Edward Hopkins invoked 28 U.S.C. § 2255 to seek resentencing absent an armed career criminal enhancement. CR400-128, doc. 61 at 1. This Court dismissed it as successive. *Id.* at 3, *adopted*, doc. 67. He then applied to the Eleventh Circuit for permission to file a successive § 2255 motion. Doc. 69 (copy of that successiveness application erroneously docketed as a motion before this Court and thus, **ADMINISTRATIVELY DENIED**). That court denied his application on the merits. *In Re Hopkins*, No. 16-13139-J (11th Cir. June 29, 2016) (copy attached). Hopkins filed what he called an "Authorized Second and Successive Motion To Vacate [Etc.]" here.

Doc. 68. It most certainly was *not* authorized and therefore must be **DISMISSED** for lack of jurisdiction.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED** this  19th   day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA